IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HAJJI Y. MCREYNOLDS,

                Plaintiff,                     OPINION AND ORDER

    v.

                                       24-cv-633-wmc

WILLIAM M. GABLER, SR.,
EMILY M. LONG,
PETER J. RINDAL,
BEVERLY L. WICKSTROM, and
GENA LEWISON,
                Defendants.

Plaintiff Hajji Y. McReynolds, also known as Hajji McReynolds-El, filed a complaint against the following defendants while he was incarcerated in the Eau Claire County Jail: Circuit Court Judge William Gabler, Sr.; Circuit Court Judge Emily M. Long; Circuit Court Judge Beverly L. Wickstrom; District Attorney Peter Rindal; and Probation Agent Gena Lewison. Plaintiff, who is representing himself, appears to allege that his rights were violated during criminal proceedings that ensued following a traffic stop that occurred in Dunn County, Wisconsin, in September 2014. (Dkt. #1.) Subsequently, plaintiff filed an amended complaint naming the same defendants and alleging identical facts. (Dkt. #13.) He also filed motions to combine this case with another civil action, 24-cv-634-wmc, which concerns a different arrest in 2005, and to incorporate an affidavit of facts. (Dkts. #10, #17.) On September 5, 2025, plaintiff filed another motion to consolidate his cases, along with a motion to amend and proposed second amended complaint naming 25 defendants, but containing no factual allegations. (Dkts. ##24-25.)

Because plaintiff is a prisoner who is proceeding without prepayment of the filing fee, the court must screen his complaints and dismiss any portion that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court will deny plaintiff's motions and will dismiss plaintiff's complaints without prejudice.

OPINION

To begin, plaintiff alleges that the defendants deprived him of his constitutional rights during a criminal prosecution in Eau Claire County that occurred following his arrest in 2014. Specifically, plaintiff references criminal charges that were brought against him in Case No. 14CF872, in which he was found guilty of two counts of delivery of a controlled substance in violation of Wis. Stat. § 961.41(1)(cm)1g. He received a sentence of five years' initial confinement and five years' extended supervision on each count.[1] That conviction was affirmed on appeal and post-conviction review. *State v. McReynolds*, 2016AP2153, 2018 WL 11429244 (Wis. App. Dec. 13, 2018), *review denied*, 2019 WI 49 (April 9, 2019); *State v. McReynolds*, 2022 WI App 25, 402 Wis. 2d 175, 975 N.W.2d 265, *review denied*, 2022 WI 104 (Sept. 14, 2022).

Plaintiff appears to sue the defendants under 42 U.S.C. § 1983, which imposes liability

---

[1] Court records show that plaintiff, who is listed by the Wisconsin Department of Corrections as on active community supervision, is currently in custody on other charges, including Case Nos. 2025CF985, 24CF227, 22CF943, 22CF384, 21CF1126, and 20CF888. *See* Wisconsin Circuit Court Access website at: wcca.wicourts.gov (last accessed Sept. 30, 2025).

on any "person" who, acting under color of state law, violates the Constitution or federal law.[2] *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (quoting 42 U.S.C. § 1983). In his original complaint and initial amended complaint, plaintiff asserts claims for monetary damages against several state circuit court judges for rulings made during the course of the criminal proceedings against plaintiff following his 2014 arrest. (Dkts. #1, #13.) However, judges are typically immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "[Judicial immunity] confers complete immunity from suit, not just a mere defense to liability[.]" *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Because plaintiff does not identify any actions that would deprive defendants Gabler, Long, or Wilkinson of judicial immunity, his claims against these defendants must be dismissed.

Prosecutors are also immune from liability for money damages under § 1983 for actions "within the scope of his prosecutorial duties" that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 420, 430 (1976). Similarly, "probation officers are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process," *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018), which includes the "decision to grant, revoke, or deny parole, or the signing of an arrest warrant," *Dawson*, 419 F.3d at 662 (citation omitted). Because plaintiff does not identify any actions that would deprive defendants Rindal and Lewison of immunity for their role in his criminal proceedings, the claims against these defendants also must be dismissed.

---

[2] Wisconsin law governs the statute of limitations for federal civil rights actions brought under § 1983. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018). For alleged constitutional injuries that occurred before April 5, 2018, the statute of limitations is six years, and for injuries that occurred after April 5, 2018, the statute of limitations is three years. *Id*. (citing Wis. Stat. § 893.53 (2016), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018)). This lawsuit, filed by plaintiff in 2024, is well outside the applicable statute of limitations for events that occurred in 2014. Because his complaint fails for other reasons discussed above, the court does not address this issue further.

Plaintiff cannot otherwise bring claims for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in a habeas corpus proceeding.[3] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court of Appeals for the Seventh Circuit has made clear that *Heck* bars § 1983 claims for damages challenging the revocation of probation and other criminal proceedings. *See Hatcher v. Saldana*, No. 21-3104, 2022 WL 17668178, at *1 (7th Cir. Dec. 14, 2022); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying *Heck* to fact, duration, and rules or conditions of probation and parole); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Because plaintiff has not alleged that he successfully obtained post-conviction relief by challenging the constitutionality of either his criminal conviction or any related revocation proceeding, *Heck* precludes him from pursuing damages for the circumstances surrounding those proceedings.

Although plaintiff has submitted a second amended complaint naming 25 additional defendants, including Wisconsin Governor Tony Evers and Minnesota Governor Tim Walz, he includes no allegations that implicating them in his 2014 arrest, conviction, or related criminal proceedings. To the extent that plaintiff hints at a far-flung conspiracy, "a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). Plaintiff's sparse second amended complaint comes nowhere close, and will also be dismissed for failure to state a plausible claim pursuant to Federal Rule of Civil Procedure 8(a).

While the court of appeals has cautioned against dismissing complaints from

---

[3] The court notes that plaintiff has a federal habeas corpus petition on file to challenge his conviction in 14CF872, which is pending screening after transfer from the U.S. District Court of Minnesota. *McReynolds v. Witt*, No. 23-cv-862-wmc (W.D. Wis.).

4

unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate because his allegations do not suggest that he can state a claim for relief in federal court. In that respect, all of the defendants named in plaintiff's original and first amended complaints have immunity from his claims, which are also barred by *Heck*. Because plaintiff has submitted multiple complaints that fail to state a claim, this case will be dismissed without prejudice.

## ORDER

IT IS ORDERED that:

1) Plaintiff's complaints (dkts. #1, #13, #25) are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2) All of plaintiff's motions (dkts. #10, #17, #24) are DENIED.

3) The clerk's office is directed to close this case.

Entered this 30th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge